WALTER SANDERS, JR., ADMINISTRATOR OF THE ESTATE OF WAVON ATKINSON, DECEASED v. J. FELTON WILKERSON

No. 54

(Filed 10 April 1974)

1. Easements § 11— license to use land

A license is not an estate and creates no substantial interest in land but merely serves to authorize one to do certain specified acts upon the lands of the licensor.

2. **Easements § 11— license to remove sand and gravel**

Where plaintiff and defendant executed a written agreement whereby defendant was to remove sand and gravel from plaintiff's property, but the agreement was subsequently declared invalid, defendant's status during the time he removed sand and gravel from plaintiff's property was at least that of a licensee.

3. **Damages § 5; Mines and Minerals § 3— removal of sand and gravel from land — measure of damages**

In the absence of a valid contract as to the basis on which plaintiff was to be compensated for gravel, sand and dirt removed from his land with his knowledge and consent, plaintiff was entitled to recover the value of the gravel, sand and dirt as they lay in the earth before being disturbed.

4. **Trespass § 7— wrongful taking of sand and gravel — estoppel issue — summary judgment improper**

In an action to recover for sand and gravel allegedly wrongfully removed from plaintiff's land by defendant, the trial court erred in entering summary judgment for plaintiff since there were unresolved factual issues with respect to estoppel.

CROSS appeals by plaintiff and by defendant under G.S. 7A-30(2) from the Court of Appeals.

Wavon Atkinson instituted this action in July 1969 (1) for a declaration that a purported contract giving the defendant the right to enter upon plaintiff's land and remove gravel, sand and dirt therefrom is null and void, and (2) for damages for the gravel, sand and dirt defendant *had removed* from plaintiff's land.

The purported contract attacked by plaintiff consists of a writing dated 29 September 1966 by the terms of which Wavon Atkinson and wife, Arletha M. Atkinson, sold and conveyed to J. Felton Wilkerson, his heirs and assigns, "the right to mine, dig and remove all or any part of the soil, ore, gravel, sand, dirt or mineral" situate on their described land in Selma Township, Johnston County, North Carolina.

Subsequent to the filing of plaintiff's amended complaint and defendant's answer thereto, plaintiff moved for partial summary judgment on the issue of the validity of the contract. In support of his motion, he submitted the contract and answers of defendant to interrogatories served upon him by plaintiff. Based on findings that defendant gave no consideration therefor and that it was vague and indefinite as to (1) time of performance, and (2) the area involved, the writing of 29 September

1966 was adjudged null and void by Judge Bailey in partial summary judgment entered 1 October 1970. Upon defendant's appeal, Judge Bailey's partial summary judgment was affirmed. 10 N.C. App. 643, 179 S.E. 2d 872 (1971). Reference is made to Judge Campbell's opinion for the provisions of the writing of 29 September 1966 and for the grounds on which it was adjudged null and void.

The decision of the Court of Appeals was filed 31 March 1971. The original plaintiff having died, Walter Sanders, Jr., Administrator of the Estate of Wavon Atkinson, Deceased, was substituted by order of 7 August 1972 as party plaintiff in this action. Hereafter, the word "plaintiff" will refer to the original or substituted plaintiff according to context.

On 27 October 1972, based solely on defendant's answers filed 29 July 1970 and 9 September 1970 to plaintiff's interrogatories, plaintiff moved for summary judgment (1) that he recover as liquidated damages the sum of $4,484.31, together with the costs of this action, and (2) that he be granted summary judgment on the defendant's counterclaim. After a hearing on this motion for summary judgment and defendant's answer thereto, Judge Canaday entered judgment as follows: (1) " . . . that the plaintiff have and recover of the defendant, the sum of Four Thousand Four Hundred Eighty-Four and 31/100 ($4,484.31) Dollars, with interest thereon from this date until paid, together with the costs of this action"; (2) " . . . that the defendants' counterclaim, being based upon a null and void agreement, be and it is hereby dismissed"; and (3) " . . . that the defendant's motion for dismissal and judgment on the pleadings be and it is hereby denied."

Defendant excepted to each of the three quoted adjudications and appealed. Plaintiff excepted to that portion of the first quoted adjudication which provided for his recovery of interest on the $4,484.31 *only* from the date of judgment.

The Court of Appeals, by a two-to-one vote, affirmed Judge Canaday's judgment in its entirety. Judge Baley dissented. 20 N.C. App. 331, 201 S.E. 2d 571. Both plaintiff and defendant gave notice of appeal to this Court.

*L. Austin Stevens for plaintiff appellant-appellee.*

*Wallace Ashley, Jr. for defendant appellant-appellee.*

BOBBITT, Chief Justice.

The hearing before Judge Canaday was on plaintiff's second motion for summary judgment and defendant's answer thereto. The evidence consisted solely of defendant's answers filed 29 July 1970 and 9 September 1970 to the interrogatories filed by plaintiff, this being the same evidence which was before Judge Bailey on 1 October 1970.

Defendant's answers to plaintiff's interrogatories disclosed defendant had collected a total of $8,667.53 from sales of gravel, sand and dirt removed from plaintiff's farm; that the items making up this total of $8,667.53 were collected on various dates during the years 1966, 1967, 1968, and during the first three months of 1969; and that defendant had made payments to plaintiff in the total amount of $4,183.22.

Plaintiff's motion for summary judgment is based on the premise that Atkinson was entitled to all of the $8,667.53 which defendant collected from his sales of gravel, sand and dirt removed from plaintiff's farm. The Court of Appeals, in affirming Judge Canaday's summary judgment for plaintiff, based decision on its view that the liability of defendant to plaintiff was that of a person who had trespassed upon plaintiff's farm and had wrongfully converted to his own use the gravel, sand and dirt he had removed therefrom.

The unresolved questions relate solely to defendant's liability to plaintiff for gravel, sand and dirt which he removed from plaintiff's farm and sold during the years 1966, 1967, 1968, and 1969, all of which occurred prior to plaintiff's attack in this action on the validity of the writing of 29 September 1966.

The writing of 29 September 1966 having been adjudged null and void, neither plaintiff nor defendant can predicate legal rights thereon. Defendant acquired no right, title or interest in plaintiff's farm or in any of the gravel, sand and dirt thereon. Absent a valid writing, defendant could not and did not acquire an easement or profit a prendre. *Council v. Sanderlin*, 183 N.C. 253, 111 S.E. 365, 32 A.L.R. 1527 (1922).

Although defendant acquired no right, title or interest in the gravel, sand and dirt on plaintiff's farm, his allegations and answers to interrogatories are to the effect that he removed

Sanders v. Wilkerson

and sold this gravel, sand and dirt with the full knowledge and consent of the plaintiff and made frequent payments to plaintiff of portions of the funds received from such sales. Notwithstanding failure to reach agreement as to the basis on which defendant was to compensate plaintiff, the evidence discloses that the removal of gravel, sand and dirt by defendant from plaintiff's farm continued with plaintiff's knowledge and consent, express or implied, during the years 1966, 1967, 1968 and 1969.

[1] "A license is not an estate and creates no substantial interest in land but merely serves to authorize one to do certain specified acts upon the lands of the licensor. A license operates merely as a permission or waiver permitting the licensee to do acts upon the land which would otherwise be a trespass. A license is generally revocable, while easements and profits a prendre are not." Webster, Real Estate Law in North Carolina, § 310 (1971). *See also,* Restatement of the Law of Property, Chapter 43, Licenses, §§ 512, 514 and 515.

[2] During the years 1966, 1967, 1968, and 1969, defendant's status was at least that of a licensee.

In the absence of a valid contract as to the basis on which he is to be compensated, what is the measure of damages when gravel, sand and dirt are removed from land with the owner's knowledge and consent?

[3] "One who inadvertently, or under a claim of right or a bona fide belief of title, encroaches upon the land of another and mines or removes mineral therefrom, is generally held to be liable in damages only for the minerals removed, based upon their value in situ, that is, as they lay in the earth before being disturbed." 54 Am. Jur. 2d, Mines and Minerals, § 253. *See also,* Annotation, 21 A.L.R. 2d at 383. In certain contexts gravel, sand and dirt have not been considered "minerals." *See Builders Supplies Co. v. Gainey,* 282 N.C. 261, 267-68, 192 S.E. 2d 449, 454 (1972), and cases cited. In the present context, the quoted rule seems appropriate without regard to whether the gravel, sand and dirt should be classified technically as minerals. *See* Dobbs, Law of Remedies § 5.2 (1973). The recovery by plaintiff of the value of the gravel, sand and dirt as they lay in the earth before being disturbed would suffice to compensate plaintiff for what he owned. We adopt this as the measure of damages recoverable by plaintiff in the absence of a valid contract prescribing the measure of plaintiff's right to compensa-

tion. Nothing in the evidence discloses whether compensation on this basis would be more or less than the amount for which summary judgment was entered. However that may be, we hold that plaintiff is not entitled as a matter of law to summary judgment for all money collected by defendant from his sales of gravel, sand and dirt removed by him from plaintiff's farm. On this phase of the case, our views appear to be in substantial accord with those expressed by Judge Baley in his dissenting opinion.

[4]   Moreover, defendant is entitled to a factual determination in respect of his allegations of estoppel. If, as alleged by defendant, the gravel, sand and dirt were removed by defendant from plaintiff's farm with plaintiff's full knowledge and consent, and plaintiff, with knowledge of the facts, accepted the amounts paid to him by defendant as the amounts due him under their subsisting arrangements, plaintiff would be estopped to assert a further right to recover therefor.

As a counterclaim defendant alleged that, notwithstanding plaintiff had granted him the exclusive right to remove gravel, sand and dirt from plaintiff's farm, plaintiff had removed or had caused to be removed gravel, sand and dirt, and had sold it or caused it to be sold, and that defendant was entitled to $401.00, this being one-half (½) of the sale price thereof. Since defendant acquired no right, title or interest in the gravel, sand and dirt on plaintiff's farm, we agree with the Court of Appeals that there is no basis for a recovery by defendant on such a counterclaim.

Since the case goes back for trial, we deem it inappropriate to discuss the question raised by plaintiff in respect of interest. Suffice to say, we are in general accord with the views expressed by Judge Morris in her opinion for the Court of Appeals.

Being of the opinion that there are unresolved factual issues, we hold the motion for summary judgment was improvidently granted. Consequently, the summary judgment entered 6 March 1973 by Judge Canaday is vacated; and the cause is remanded to the Court of Appeals with direction to remand to the Superior Court of Johnston County for a determination of all unresolved factual issues pertinent to a determination as to what amount, if any, is owing by defendant to plaintiff.

Error and remanded.