WACHOVIA MORTGAGE COMPANY v. AUTRY-BARKER-SPURRIER REAL ESTATE, INC.; KLUTTS REALTY AND CONSTRUCTION COMPANY, INC.; J. VAUGHN KLUTTS, JOY W. KLUTTS, RICHARD W. AUTRY, PATRICIA D. AUTRY, ROBERT N. SPURRIER, BLANDINA W. SPURRIER AND JOHN J. BARKER

No. 7726SC967

(Filed 5 December 1978)

1. **Rules of Civil Procedure § 56.3— motion for summary judgment—methods of satisfying burden of proof**

    The party moving for summary judgment can satisfy his burden of establishing the lack of any triable issue of fact either by proving that an element of the opposing party's claim is nonexistent or by showing, through discovery, that the opposing party cannot produce evidence to support an essential element of its claim.

2. **Mortgages and Deeds of Trust § 32— action for deficiency—alleged breach of agreement to provide permanent financing for puchasers—summary judgment**

    In an action to recover deficiencies remaining after the foreclosure sale of property securing land and condominium construction loans, the trial court properly entered summary judgment for plaintiff mortgage company on defendants' claim that plaintiff breached an agreement to provide permanent loans at competitive interest rates for purchasers of the condominiums.

3. **Guaranty § 1; Reformation of Instruments § 7— claim for reformation of guaranty agreement—fraud and mistake—summary judgment**

    Summary judgment was properly entered for plaintiff mortgage company on the individual defendants' claim for reformation of an agreement in which they guaranteed the debts and obligations of the corporate defendants "now existing or hereafter arising" on the ground that the parties had agreed that the guaranty would be prospective only, and that the provision as to existing

debts was placed in the written guaranty by fraud and mistake on the part of plaintiff, where plaintiff presented evidence (1) that the provision was part of a printed form guaranty agreement, (2) that no mistake was made by any employee of plaintiff with respect to provisions of the guaranty, and (3) that no oral discussions occurred between representatives of plaintiff and the individual defendants regarding the insertion of a provision that the guaranty would have prospective application only; plaintiff's evidence included a deposition by one individual defendant that no statements had been made to him by any representative of plaintiff that the guaranty would apply only prospectively; and the individual defendants presented only an affidavit by this same individual defendant contradicting his deposition.

**4. Rules of Civil Procedure § 56.4— opposition to motion for summary judgment—affidavit contradicting deposition—no question of fact**

A party opposing a motion for summary judgment will not be allowed to create an issue of fact by filing an affidavit contradicting his prior sworn testimony in a deposition.

**5. Mortgages and Deeds of Trust §§ 9, 32— action for deficiency judgment—defense of wrongful release of property—summary judgment**

In an action to recover a deficiency judgment, the trial court properly granted summary judgment for plaintiff on defendants' defense that plaintiff had released property as security for the loans in question without defendants' knowledge or consent where plaintiff presented evidence that defendants not only had knowledge of the releases but that the releases had been made at their request, such evidence included the deposition of one defendant that to his knowledge plaintiff had never released any property from the loans in question without his knowledge, and defendants relied on the affidavit of the same defendant contradicting his deposition.

APPEAL by defendants from order of *Martin, Judge (Harry C.)* entered 12 August 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 August 1978.

This is a civil action instituted on 12 November 1975 to recover deficiencies of $303,925.92 and $147,198.20 remaining after foreclosure sale of property securing a land acquisition and development loan and a construction loan made to the corporate defendants by plaintiff. The two loans were made in connection with a townhouse development project known as Treva Woods in Mecklenburg County. The initial land acquisition and development loan of $500,000.00 was evidenced by a note and deed of trust dated 14 March 1973 and was executed by all defendants. The construction loan of $576,200.00 was evidenced by a note and deed of trust dated 18 October 1973 and was executed by the corporate defendants. In connection with the construction loan, all of the in-

dividual defendants executed a printed form guaranty agreement which stated in pertinent part:

> [T]he undersigned . . . unconditionally guarantees to the Lender and its successors, endorsees and assigns the punctual payment . . . of all debts and obligations of the Borrower . . . now existing or hereafter arising . . . provided, however, the liability of the undersigned hereunder shall not exceed at any one time a total of Six hundred fifty thousand Dollars ($650,000) . . .

By answer filed on 30 January 1976 and amended answers filed on 9 July 1976 and 2 June 1977, defendants denied liability for the alleged deficiency; alleged that the value of the property sold at foreclosure exceeded the amount of the debt as their Second Defense; and alleged various other defenses and a counterclaim in their Third, Fourth, Fifth, Sixth and Seventh Defenses which are more fully set out in the opinion. On 8 July 1977, plaintiff moved for partial summary judgment with regard to defendants' Third Defense and Counterclaim, and their Fourth, Fifth, Sixth and Seventh Defenses. On 10 August 1977, the trial court, after considering the pleadings, depositions, exhibits, answers to interrogatories, and affidavits, entered an order granting plaintiff's motion for partial summary judgment in its entirety. Defendants appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Sydnor Thompson, William L. Rikard, Jr., and Heloise C. Merrill, for the plaintiff appellee.*

*Mraz, Casstevens & Davis, by John A. Mraz, for the defendant appellants.*

HEDRICK, Judge.

[1] All of the defendants' assignments or error relate to the granting of partial summary judgment for plaintiff. Under Rule 56, summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c); *Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976). The judge's role in ruling on a

motion for summary judgment is to determine whether any material issues of fact exist that require trial. It necessarily follows that when the only issues to be decided in the case are issues of law, summary judgment is proper. 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2725, at 498-500 (1973). The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). The movant can satisfy this burden either by proving that an essential element of the opposing party's claim is nonexistent or by showing, through discovery, that the opposing party cannot produce evidence to support an essential element of its claim. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974).

[2] Defendants first contend that the trial court erred in entering summary judgment for plaintiff with respect to the Third Defense and Counterlcaim of defendant Klutts Company, which alleged:

4. [T]he Plaintiff and the corporate Defendants entered into an agreement pursuant to which Plaintiff agreed to commit Two Million Five Hundred Thousand Dollars ($2,500,000.00) for conventional loans to eventual purchasers of said townhouse units at interest rates competitive to rates charged in Mecklenburg County by other mortgage lenders.

5. Thereafter the corporate Defendants submitted loan applications of qualified borrowers who had agreed to purchase townhouse units in the project, but the Plaintiff breached its agreement and refused to provide such financing notwithstanding the repeated requests of the corporate Defendants that it do so.

6. By reason of Plaintiff's breach of its contract to provide the permanent loan funds to purchasers as herein alleged, the corporate Defendants were unable to sell completed townhouse units, their total marketing program collapsed, and the corporate Defendants became unable to meet their financial obligations with respect to the project, all of which caused the Defendant Klutts Realty and Construction Company, Inc., to be damaged in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00).

The agreement upon which defendant bases its counterclaim is a letter dated 13 March 1973, sent to the corporate defendants, stating:

In accordance with your request, Wachovia Mortgage Company has approved a commitment of $2,500,000.00 for conventional permanent home loans on the above-referenced project. This commitment will be subject to the following conditions:

1. A first mortgage on the property described in the application with title evidence satisfactory to us.

2. All legal requirements are subject to the usual approval and acceptance by Wachovia Mortgage Company.

3. The loans are to be closed at no expense to Wachovia Mortgage Company.

4. A commitment fee of $25,000.00 is required as consideration for holding funds available.

5. This commitment is good for three years from the date of this letter.

In lieu of a cash deposit, we will accept a Non-Interest Bearing Note for $25,000.00, representing one per cent (1%) of the permanent loans to be delivered from this project. One per cent (1%) of all permanent loans delivered to Wachovia Mortgage Company from this project will be credited against this Note until the Note is paid. As security for the above mentioned Note, we will require a mortgage subject to Wachovia's other liens on the subject property. This mortgage will be recorded in the name of Wachovia Mortgage Company.

The commitment contract also contains the following provisions written in Mr. Klutts' handwriting:

6. Permanent Loan Rates to be competitive with Cameron Brown Co. and NCNB.

7. Permanent Loans available up to 95% loan to value to qualified buyers.

8. 15 to 20% flexibility of total loans outside Wachovia without penalty or forfeiture fee.

Mortgage Co. v. Real Estate, Inc.

Plaintiff introduced evidence in support of its motion for summary judgment that tends to show the following: (1) From March through May 1974, only four individuals who entered into contracts to purchase townhouses submitted applications to Wachovia for conventional permanent home loans. (2) All four were approved for permanent loans. (3) Three of these four ultimately closed their loans. (4) After 16 May 1974, no further customers were referred to Wachovia for loans. (5) In its answers to Plaintiff's interrogatories, Klutts Company has failed to identify a single prospect who turned down the opportunity to purchase a townhouse because an interest rate was not quoted to him prior to or at the time he applied for a loan or because Wachovia failed to approve the loan application submitted to it.

From the foregoing, we think plaintiff has introduced sufficient evidence to support its motion for summary judgment by showing that there was no breach of the contract, thus negating an essential element of the defendant's counterclaim.

Once the movant has introduced sufficient evidence in support of his motion, under G.S. § 1A-1, Rule 56(e),

an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific *facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)

The only evidence offered by defendant in opposition to plaintiff's motion was that showing the custom in the real estate industry to quote firm interest rates at the time of the negotiations for a sales contract or at the time of the loan application. Defendant advanced this evidence in support of its contention that the commitment agreement must be construed in accordance with industry custom to ascertain its true meaning. The evidence upon which defendant relies concerns a legal issue rather than a factual one; that is, the proper construction of the commitment agreement by Wachovia. Defendant contends that the commitment contract should be construed to require plaintiff to quote firm interest rates at a particular time. The contract, however,

contains no provisions whatsoever requiring that permanent mortgage interest rates be quoted to prospective borrowers at any time.

It is well established that when the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law for the court and the court cannot add terms to the contract. *Taylor v. Gibbs*, 268 N.C. 363, 150 S.E. 2d 506 (1966); *Weyerhaeuser Company v. Carolina Power & Light Company*, 257 N.C. 717, 127 S.E. 2d 539 (1962). "Where there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment." *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971).

Assuming that the affidavits filed by the defendant in opposition to plaintiff's motion for summary judgment with respect to the counterlcaim conform to the provisions of Rule 56(e) requiring affidavits to "set forth such facts as would be admissible in evidence," we are of the opinion that the defendants have failed to "set forth specific facts showing that there is a genuine issue for trial." Thus, with respect to defendant's Third Defense and Counterclaim, summary judgment was proper.

Next the individual defendants argue that the court erred in granting summary judgment with respect to their Fifth, Sixth, and Seventh Defenses, which, except where quoted, are summarized as follows:

"Prior to the preparation of the written [guaranty] agreement, the individual defendants and plaintiff orally negotiated the terms of the agreement" and "orally agreed that the guaranty agreement would apply prospectively only." In reducing the oral agreement to writing, the "above provision was mistakenly omitted from the guaranty agreement and erroneously inserted in its place was the statement that the individual defendants guaranteed the debts and obligations of the corporate defendants 'now existing or hereafter arising'."

"Plaintiff represented to the individual defendants that the written guaranty agreement embodied in full the actual agreement between the parties," and the individual defendants, in "reasonable" reliance on the "material" misrepresentation of the plaintiff "failed to read the agreement before signing."

"Plaintiff, fraudulently and with intent to deceive" inserted the above provision making the guaranty apply to "a Promissory Note executed by the corporate defendants on March 14, 1973."

The individual defendants "pray that the Court reform the guaranty agreement" by "deleting from it the provision that the guarantee applies to obligations of the corporate defendants incurred prior to October 18, 1973."

Rule 9(b) of the Rules of Civil Procedure provides that "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." G.S. § 1A-1, Rule 9(b). Assuming arguendo that the defendants have alleged in their Fifth, Sixth, and Seventh Defenses the circumstances constituting fraud and mistake "with particularity" and that they have not allged an insurmountable bar to their claim for reformation by alleging that they signed the guaranty before reading it thus rendering their claim vulnerable to a Rule 12(b)(6) motion to dismiss or a Rule 12(f) motion to strike, we proceed to consider the propriety of the trial judge's order allowing plaintiff's motion for summary judgment with respect to these defenses.

[3] Plaintiff introduced evidence in support of its motion for summary judgment tending to establish the following facts: (1) that the provision complained of by defendants was part of a printed form guaranty agreement; (2) that no mistake was made by any person at Wachovia with respect to the terms and provisions that were included in the guaranty agreement; (3) that no oral negotiations or discussions occurred between the individual defendants and any representatives of Wachovia regarding the provision in question or regarding insertion of a provision that the guaranty would have prospective application only.

In further support of its motion, plaintiff introduced the deposition of J. Vaughn Klutts, pertinent portions of which, with regard to the guaranty agreement, contain the following testimony:

Q. Then, if I understand your testimony, Mr. Klutts, you have never had any discussions with Mr. Ferrol Edmondson or any other Wachovia Mortgage Company representative about any provision of Plaintiff's Exhibit Number 14?

A. I don't recall specifically having any discussion with any representatives.

. . .

Q. What statements were made to you by Wachovia representatives about the personal guaranty?

A. About the personal guaranty? This document?

Q. Yes.

A. None as I remember.

In opposition to plaintiff's motion for summary judgment on the reformation issue, defendants rely on an affidavit of J. Vaughn Klutts, filed on 27 July 1977, one day prior to the hearing on plaintiff's motion. In his affidavit, Mr. Klutts states:

Mr. Edmondson told your affiant that the personal guaranty would apply to the construction loan obligation only, and that it would not apply to the land acquisition and development loan obligation or any other obligations which Klutts Realty and Construction Company, Inc. had with Wachovia Mortgage Company. Your affiant, relying on these statements from Mr. Edmondson, executed the guaranty agreement.

[4] The question thus presented for our review is whether a party opposing a motion for summary judgment by filing an affidavit contradicting his prior sworn testimony has "set forth specific facts showing that there is a genuine issue for trial" as required by G.S. § 1A-1, Rule 56(e). We think a party should not be allowed to create an issue of fact in this manner and thus hold that contradictory testimony contained in an affidavit of the nonmovant may not be used by him to defeat a summary judgment motion where the only issue of fact raised by the affidavit is the credibility of the affiant. *See, Radobenko v. Automated Equipment Corp.,* 520 F. 2d 540 (9th Cir. 1975); *Perma Research & Development v. Singer Co.,* 410 F. 2d 572 (2d Cir. 1969). When confronted with this same question, the Court of Appeals for the Second Circuit, in the *Perma Research* case, held that no genuine issue of fact was raised, stating: "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly

diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* at 578.

[5]   The individual defendants' final argument is that the trial court erred in granting summary judgment with respect to their Fourth Defense. The pertinent provisions of the individual defendants' Fourth Defense allege:

1. [T]he plaintiff, by its conduct and manner of dealing with the corporate defendants in extending credit, altering loan transactions, extending time, and in failing to prudently look after its loans and security . . . substantially destroyed and damaged the right of reimbursement of the individual defendants . . .

2. [T]he plaintiff, without notice to or the consent of the individual defendants, released property which stood as security for the loans upon which plaintiff now claims a deficiency judgment . . . By reason of such action of the plaintiff, the individual defendants have been released and discharged from any obligations to the plaintiff.

The evidence introduced by plaintiff in support of its motion tended to show that the individual defendants not only had knowledge of the releases in question, but also that the releases had been made at their request.

In opposition to plaintiff's motion for summary judgment, defendants rely on an affidavit of J. Vaughn Klutts, filed on 27 July 1977, one day prior to the hearing on plaintiff's motion. In his affidavit, Klutts states that he "neither received notice nor consented to the release" of the properties in question. This statement is in direct contradiction with his earlier deposition testimony, wherein he stated: "To my knowledge Wachovia has never released any property from either the construction loan or the land acquisition loan without my knowledge." As such, this affidavit is insufficient to show the existence of a genuine issue of material fact. *See, Radobenko v. Automated Equipment Corp., supra; Perma Research & Development Co. v. Singer Co., supra.*

We hold partial summary judgment with respect to defendants' Third Defense and Counterclaim, Fourth, Fifth, Sixth and Seventh Defenses was appropriate and the order appealed from is

affirmed, and the cause is remanded to the Superior Court of Mecklenburg County for further proceedings.

Affirmed and remanded.

Judges MORRIS and MITCHELL concur.