YUEN WU HONG AND JOSEPHINE Y. W. HONG v. GEORGE GOODYEAR COM-
PANY

No. 8226SC1038

(Filed 6 September 1983)

**Specific Performance § 2; Vendor and Purchaser § 5.1— construction and sale of
house—plaintiffs not entitled to specific performance**

Plaintiffs were not entitled to specific performance of a contract for the
construction and sale of a house where plaintiffs' evidence showed a condi-
tional willingness on their part to perform only after the matters in dispute
were corrected, and where plaintiffs' evidence showed that defendant no
longer had the ability to perform the disputed parts of the contract in that the
wrong color brick was used because the desired brick was no longer produced
or available, the driveway could not be constructed to the contracted width
without going over the property line, and a concrete patio could not be built
because the grade level of the house was too low.

APPEAL by plaintiffs from *Ferrell, Judge.* Judgment entered
17 March 1982 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 25 August 1983.

*Walker, Palmer & Miller by Douglas M. Martin for plaintiff
appellants.*

*Parham, Helms & Kellam by Ralph C. Harris, Jr., for defend-
ant appellee.*

BRASWELL, Judge.

The plaintiffs instituted this action seeking specific perform-
ance of a contract for the purchase and sale of a house and lot.
The plaintiffs have alleged that the defendant, vendor-builder, has
breached the contract by failing to construct the house in accord-
ance with their written contract. At the close of the plaintiffs'
evidence, the defendant moved for a directed verdict pursuant to
G.S. 1A-1, Rule 50(a). This motion was granted. The question
presented for review is whether the trial court properly granted
the motion for directed verdict, finding as a matter of law that
the plaintiffs were not entitled to specific performance.

The plaintiffs are citizens of the Republic of China, and in
1979 wished to move to the United States. They authorized Chin-
Yuan Chou and his wife as their agents to locate and purchase a

house for them in Mecklenburg County, North Carolina, where the Chous were residents.

The Chous contacted the defendant and went with the defendant's agent, Craig McQueen, to see several model houses. Subsequently, they found a house that they felt would be suitable for the plaintiffs and entered into a contract with the defendant for the purchase of a lot and the construction of a house on 24 May 1980.

The contract specified that the house plan would be identical to that found in model house #4416 as well as the driveway, walkway, sliding glass door, bay window and garage sink. Yet, the color of the brick was to be that used in model house #4410, instead of model house #4416.

The contract also provided that the concrete patio would not be built if the landscape grade was more than one foot below floor level. Yet, after the Chous stated they did not want the house without the patio, McQueen added language to the contract providing that whether or not a patio could be built would be determined before construction began in order to allow the Chous the opportunity to buy another lot.

The house was constructed and the plaintiffs have refused repeated attempts by the defendant to close the sale. The plaintiffs brought this action on 6 February 1981, alleging that the defendant has breached the contract in that: (1) the wrong color brick veneer was used; (2) the driveway and walkway were constructed more narrowly than specified in the contract; (3) the living room bay window and surrounding area were constructed materially different than that specified in the contract; (4) the defendant failed to determine prior to construction that the concrete patio could not be built or at least graded the yard in such a way that the patio could not be easily constructed; and, finally, (5) the defendant failed to install the garage sink. The defendant counterclaimed as well as sued the Chous as third-party defendants for damages.

A motion for directed verdict presents the question of whether the evidence, as presented by the plaintiffs in this case, was sufficient to allow a jury to pass on it. *Hunt v. Montgomery Ward & Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). If the plain-

tiffs fail to make a prima facie showing for relief, they are not entitled to have their case sent to the jury and the trial judge may rule on the issue as a matter of law. A trial court should deny motions for directed verdict when "viewing the evidence in the light most favorable to the plaintiff . . . it finds 'any evidence more than a scintilla' to support plaintiff's prima facie case in all its constituent elements." *Id.* at 644, 272 S.E. 2d at 360. *See also* 2 McIntosh, North Carolina Practice and Procedure § 1488.15 (2d ed. Phillips' Supp. 1970). Therefore, in this case, the trial court did not err in granting the defendant's motion if the plaintiffs failed to establish all the requisite elements entitling them to the relief of specific performance.

The equitable remedy of specific performance compels a party "to do that which in good conscience he ought to do without court compulsion." *Bell v. Concrete Products, Inc.*, 263 N.C. 389, 390, 139 S.E. 2d 629, 630 (1965). In order to claim a right to specific performance, that party must show the "existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform." *Munchak Corp. v. Caldwell*, 301 N.C. 689, 694, 273 S.E. 2d 281, 285 (1981). The facts indicate that a loan to buy the house has been procured. Yet, on direct examination, Mr. Chou, as an agent authorized to close the sale for the plaintiffs, stated only after these matters in dispute had been corrected would he be willing to close on the house. Thus, when viewing the evidence in the light most favorable to the plaintiffs, the evidence shows at best only a conditional willingness to perform. "[F]ollowing the consummation of a contract, the plaintiff must show that he offered to perform his part of the agreement . . . before an action will lie, either for its breach or for specific performance." *McAden v. Craig*, 222 N.C. 497, 500, 24 S.E. 2d 1, 3 (1943). The plaintiffs in this case made no such offer. As a general rule, specific performance will be denied a plaintiff who is able, but unwilling, to perform at the contract time. 81 C.J.S. *Specific Performance* § 106 (1977). Therefore, because the plaintiffs offered no evidence at trial that they were ready and willing to perform, the trial court correctly granted the motion for directed verdict.

In any event, specific performance may not be granted where the performance of the contract is impossible. 81 C.J.S. *Specific Performance* § 18 (1977). The plaintiffs' own evidence clearly indi-

cates that the wrong color brick was used because the desired brick veneer was no longer produced or available, the driveway could not be constructed to the contracted width without going over the property line, and the concrete patio could not be built because the grade level of the house was too low. Since a court of equity will not do a useless thing, specific performance will not be decreed against a defendant who is unable to comply with the contract even though the inability to perform is caused by the defendant's own act. *Lawing v. Jaynes and Lawing v. McLean,* 20 N.C. App. 528, 202 S.E. 2d 334, *modified on other grounds,* 285 N.C. 418, 206 S.E. 2d 162 (1974). Therefore, even if the plaintiffs had established they were ready, able and willing to perform, specific performance could not be granted because the defendant no longer had the ability to perform its part of the contract.

We hold the motion for directed verdict was properly granted because the plaintiffs as a matter of law were not entitled to the remedy of specific performance.

Affirmed.

Judges ARNOLD and WEBB concur.