DEMPSEY DELK v. JERRY HILL, MIKE HILL, AND MARY HILL

No. 8719SC680

(Filed 1 March 1988)

1. **Easements § 13— oral right-of-way—license**

　　An oral right-of-way creates a license, not an easement, which terminates upon the death of either the licensor or licensee, and use of land under a license is not adverse and cannot ripen into an easement.

2. **Easements § 6.1— prescriptive easement in road—notice of hostile use**

　　Use of a road across defendants' property by plaintiff's predecessors under a mistaken claim of right did not make their use of the road permissive as a matter of law, and evidence that plaintiff and his predecessors have maintained and repaired the road at great expense raised a genuine issue of material fact for the jury as to whether their use of the road was sufficient to give defendants notice that such use was adverse, hostile or under a claim of right.

3. **Easements § 7.1— easement by estoppel—jury question**

　　A jury question was presented as to whether plaintiff had an easement by estoppel in a road across defendants' land where plaintiff's evidence tended to show that defendants persuaded plaintiff to move the old road, at plaintiff's great expense, from one area of defendants' property to another and that he

moved the road because he believed he had an easement, and defendants' evidence was to the effect that plaintiff asked and was granted permission to build the new road.

APPEAL by plaintiff from *Washington, Judge.* Judgment entered 12 May 1987 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 11 December 1987.

Plaintiff brought this action in Randolph County District Court on 10 November 1986 claiming a prescriptive easement, or alternatively, an easement by estoppel over defendant's land. Additionally, plaintiff asked that defendant be enjoined from "obstructing or in any way interfering with the plaintiff's right to use the easement." At the same time plaintiff caused a temporary restraining order to be issued ordering defendant to remove any obstruction which might block plaintiff's claimed easement and to allow plaintiff the use of the easement. A preliminary injunction entered 19 December 1986 ordered defendant to allow plaintiff to use the easement pending further orders of the court. Defendant answered and denied that plaintiff owned an easement across his property. By consent of the parties the case was transferred to the Superior Court. Defendant submitted affidavits, interrogatories, and depositions and moved for summary judgment. Plaintiff submitted his and his wife's affidavit in opposition to defendant's motion. On 12 May 1987 the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

*Ivey Mason & Wilhoit, by Rodney C. Mason, for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Walter L. Hannah and David A. Senter, for defendant-appellees.*

EAGLES, Judge.

Plaintiff appeals the trial court's grant of defendant's summary judgment motion in his action claiming a prescriptive easement or, alternatively, an easement by estoppel across defendant's property. We hold that genuine issues of fact exist and, therefore, the trial court's judgment must be vacated and the case remanded for further proceedings.

In reviewing the trial court's grant of summary judgment this Court must examine the evidence in the light most favorable

to the non-movant, determine whether a genuine issue of material fact exists, and determine whether the movant is entitled to judgment as a matter of law. *Frendlich v. Vaughan's Foods*, 64 N.C. App. 332, 307 S.E. 2d 412 (1983). Defendant's motion for summary judgment will be sustained if defendant here shows that an essential element of each of plaintiff's two alternative claims made is nonexistent or shows that the defendant-movant has a valid defense as to the claims presented as a matter of law. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979).

To overcome defendant's summary judgment motion plaintiff must raise, through his pleadings and affidavits, a genuine issue of material fact. *Id.* Additionally, he must allege each of the four elements necessary for a prescriptive easement:

> (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty year period.

*Perry v. Williams*, 84 N.C. App. 527, 528-29, 353 S.E. 2d 226, 227 (1987). Defendant claims that plaintiff has failed to show that plaintiff's use was adverse or hostile. We disagree.

Viewed in the light most favorable to plaintiff, the evidence tended to show the following: Sometime around 1898 plaintiff's wife's grandfather, Joe Poole, bought the land now owned by plaintiff (the Poole property). Prior to 1939 Poole bought a right-of-way (the old road) from Virgil Hill, defendant's predecessor in title, through Hill's property in order to more easily reach other areas of the Poole property. Plaintiff did not present any written document evidencing this right-of-way and he admitted that he has never seen such a document. The old road can still be located on the ground. Poole died in 1943 and title to the Poole property then passed to other members of the Poole family.

In 1969 plaintiff and his wife bought the Poole property. During that same year defendant's immediate predecessors in title asked plaintiff to move the old road to another location. This new road runs generally west to northwest of the old road. The new road ends at plaintiff's house on the Poole property. Plaintiff

alleged that the Poole family, their tenants, and their licensees used the old road continuously until it was moved. Since 1969 plaintiff has continuously used the new road. Plaintiff further alleged that he and his predecessors in title have maintained and repaired the roads while defendant and his predecessors have never repaired the roads. After Poole bought the right-of-way, no one asked defendant's predecessors for permission to use the old road.

[1]  No evidence appearing of a document granting plaintiff an express easement, we presume and defendant argues that Poole's right-of-way was conveyed to him orally. Defendant correctly argues that an oral right-of-way creates a license, not an easement. *See Sanders v. Wilkerson*, 285 N.C. 215, 204 S.E. 2d 17 (1974). *See generally* Hetrick, Webster's Real Estate Law in North Carolina, Section 344 (rev. ed. 1981) (license results from ineffective attempt to create easement).

Poole's use of defendant's land under a license is not adverse and cannot ripen into an easement. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Williams v. Foreman*, 238 N.C. 301, 77 S.E. 2d 499 (1953). A license, however, terminates upon the death of either the licensor or licensee. Hetrick, *supra*, section 345. Based on this record Poole's license terminated at his death in 1943.

[2]  After his death Poole's successors continued to use the old road. Plaintiff's affidavit indicates that he believed "they [Poole family] owned the road and that they used it under their claim of right and not by the defendants' license." Since what Poole bought was a license which expired at his death and not an easement, plaintiff's predecessors' claim of right was mistaken. Even so, relying on the rationale of *Walls v. Grohman*, 315 N.C. 239, 337 S.E. 2d 556 (1985), we hold that plaintiff's predecessors' mistaken claim of right does not make their use of the old road permissive as a matter of law. *See Walls v. Grohman*, *supra* (landowner's mistaken belief and use of adjoining property not belonging to him, constitutes adverse use).

Having shown that plaintiff's predecessors' use of the right-of-way prior to 1943 was under license and therefore permissive, plaintiff must now affirmatively show that the use of the right-of-way since Poole's death in 1943 was adverse. In North Carolina,

contrary to the majority rule, use of a right-of-way is presumed to be permissive. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1982). Plaintiff's evidence must demonstrate "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E. 2d 873, 875 (1966). Plaintiff's evidence indicates that plaintiff and his predecessors have maintained and repaired the old road and the new road at great expense. The evidence raises a genuine issue of material fact for the jury as to whether the use was sufficiently "adverse, hostile or under claim of right" to give defendant notice.

When viewed in the light most favorable to the non-movant, plaintiff's evidence further indicates that the use of the old road was notorious as well as continuous and uninterrupted for more than twenty years. In addition, plaintiff's deposition sufficiently identified the claimed easement as "a road from State Road 1331 to the tract designated as 'Runway' " as diagramed on plaintiff's exhibit A. Plaintiff, therefore, has alleged each of the four essential elements of a prescriptive easement. Defendant has not demonstrated the nonexistence of the adverse element or any of the other elements of plaintiff's claim. Further, defendant's evidence has not forecast a valid defense to plaintiff's claim as a matter of law. Accordingly, we hold that the trial court improperly granted defendant's summary judgment motion as to plaintiff's claim for a prescriptive easement.

[3] Moreover, plaintiff's evidence entitles him to a factual determination of his easement by estoppel claim. Plaintiff's evidence shows that defendant persuaded plaintiff to move the old road, at plaintiff's great expense, from one area of defendant's property to another. Plaintiff alleged that he moved the old road because he believed that he had an easement. On the other hand, defendant claims that plaintiff asked and was granted permission to build the new road. Dean Hetrick indicates that "[a]n easement may arise where one cognizant of his own right keeps silent in the knowledge that another will be innocently and ignorantly induced to . . . expend money or labor in reliance on the existence of such an easement." Hetrick, *supra*, section 316. The parties' conflicting allegations raise a genuine issue of material fact; specifically, whether defendant granted plaintiff permission to build the road or whether plaintiff acted at defendant's request in

reliance on the easement's existence. This determination is for the jury. *See Sanders, supra.*

For the reasons set forth above, we vacate the trial court's order of summary judgment and remand the case for further proceedings consistent with this opinion.

Vacated and remanded.

Judges BECTON and GREENE concur.