CONSTANCE M. MITCHELL v. JACKIE GOLDEN AND OBERIA BECK GOLDEN

No. 9121SC724

(Filed 15 September 1992)

1. **Rules of Civil Procedure § 56.4 (NCI3d) — summary judgment — no issue of fact created by affidavit — affidavit and deposition not inconsistent**

In an action for interference with an easement and trespass, the trial court properly considered plaintiff's affidavit in opposition to defendants' motion for summary judgment, since

plaintiff's affidavit was not inconsistent with her deposition testimony but in fact corroborated a portion of her testimony, and plaintiff therefore did not create an issue of fact by contradicting in her affidavit her prior sworn testimony.

**Am Jur 2d, Summary Judgment §§ 20, 35.**

2. **Easements § 62 (NCI4th)— prescriptive easement—directed verdict for defendants properly denied**

The trial court did not err in denying defendants' motion for directed verdict as to plaintiff's claim of easement by prescription where the evidence tended to show that plaintiff kept the road in question passable by repairing and maintaining it; plaintiff used the road continuously for more than twenty years; permission to use the road had neither been sought nor given; the use had been open and notorious such that the true owner had notice of the claim; and there was substantial identity of easement claimed throughout the twenty-year period.

**Am Jur 2d, Easements and Licenses § 49.**

**Acquisition by user or prescription of right of way over uninclosed land. 46 ALR2d 1140.**

Judge WYNN dissenting.

APPEAL by defendants from judgment entered 31 December 1990 by Judge *James A. Beaty, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 14 May 1992.

This action involves a roadway which runs from Edwards Road to plaintiff's house and extends across defendants' property. Since the facts of this case are in dispute, we find it necessary to recite each party's version.

Defendants recount the facts as follows: Around 1918 William Beck, the grandfather of defendant Oberia Beck Golden and the great-grandfather of defendant Jackie Golden, owned the property on which defendants now reside. In or around that same year, Mr. Beck opened a road on his property which branched off of Edwards Road and authorized his neighbors, the Mitchell family, to use this roadway. Defendant Jackie Golden and another witness testified that since 1966 they had observed the state of North Carolina placing gravel on the road. In 1982 defendants noticed

heavy traffic using the roadway to reach plaintiff's house during all hours of the day and night. This traffic was almost constant and many of these visitors rode by defendants' home cursing and yelling. After consulting with the Sheriff and their attorney, defendants decided to close the roadway, and in 1983 informed plaintiff's son that his family would no longer have permission to use defendants' roadway. In 1987, after plaintiff and her family continued to use the roadway, defendants put trees across the road in an attempt to close it. At no time did plaintiff ever put them on notice that she was asserting a claim of right over the roadway. After the road was closed, plaintiff acquired permission from her brother-in-law to cross his property in order to reach her house.

Plaintiff's account of the facts sets forth the following: In 1901 the heirs of W. M. Kiser divided the Kiser lands and transferred title to the husbands of the four Kiser daughters. Henry L. Mitchell, husband of Mary Kiser Mitchell, and William Beck, husband of Emily Kiser Beck, received two of the divided tracts. The roadway which is the subject of this action ran through the Beck and Mitchell tracts. Plaintiff and her husband moved onto this land in 1951. Lillie Mitchell, who was then the owner of the Mitchell tract originally conveyed to Henry L. Mitchell, deeded three acres from this tract to plaintiff and her husband in 1958. In September 1969 Lillie Mitchell gave plaintiff and her husband a written deed of easement which purportedly conveyed an easement over the present roadway leading from Edwards Road to plaintiff's property. This roadway is and always has been the sole means of ingress and egress for plaintiff and her predecessors in title. On 25 June 1987 defendants cut several large trees on their property causing them to fall across the roadway and preventing plaintiff's use of the road.

Plaintiff filed this action against defendants for interference with an easement and trespass. Defendants counterclaimed for trespass and nuisance. Defendants moved for summary judgment and plaintiff replied to the motion, whereupon the trial court ordered on 31 December 1990 that summary judgment be granted on plaintiff's claim for a deed of easement but denied on plaintiff's claim for an easement by prescription and color of title. Defendants moved for a directed verdict at the close of plaintiff's evidence which was denied as to the claim of easement by prescription but allowed on the claim of trespass. The jury found in favor of plaintiff on the issue of easement by prescription and judgment was entered

permanently enjoining defendants from interfering with plaintiff's use of the roadway.

*Beverly R. Mitchell for plaintiff appellee.*

*Kennedy, Kennedy, Kennedy and Kennedy, by Harvey L. Kennedy, Harold L. Kennedy, Jr. and Harold L. Kennedy, III, for defendant appellants.*

WALKER, Judge.

Defendants present two arguments to this Court on appeal: (1) the trial court erred in failing to exclude Constance Mitchell's affidavit and in denying defendants' motion for summary judgment; and (2) the trial court erred in failing to grant defendants' motion for a directed verdict.

[1]  Defendants first contend that plaintiff admitted in her deposition that prior to 1987 her use of the roadway had not been hostile or adverse and that she never claimed the roadway as her own. They argue that because of this admission, summary judgment should have been granted in their favor, and also that in response to defendants' motion for summary judgment, plaintiff contradicted this sworn testimony by filing an affidavit which stated:

> 7. That this property has been serviced by a gravel roadway which has been the sole means of ingress and egress for as long as I have lived there, and *we have put gravel on it and kept it passable.* (Emphasis added.)

Defendants hereby excepted to the trial court's consideration of the affidavit on the ground that it was contrary to plaintiff's prior admission in her deposition.

This Court has previously considered the question of "whether a party opposing a motion for summary judgment by filing an affidavit contradicting his prior sworn testimony has 'set forth specific facts showing that there is a genuine issue for trial' " and determined that "a party should not be allowed to create an issue of fact in this manner." *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C.App 1, 9, 249 S.E.2d 727, 732 (1978), *aff'd*, 297 N.C. 696, 256 S.E.2d 688 (1979). We do not find plaintiff's affidavit to be inconsistent with her deposition testimony, but in fact it corroborated a portion of her testimony in which she stated that she "put rock" on the roadway. We therefore hold

**MITCHELL v. GOLDEN**

[107 N.C. App. 413 (1992)]

that the trial court properly considered plaintiff's affidavit in opposition to defendants' motion for summary judgment.

Rule 56, N.C. Rules of Civil Procedure, provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that . . . [a] party is entitled to a judgment as a matter of law." Defendants are thereby entitled to summary judgment if they establish either the nonexistence of an essential element of plaintiff's claim or show that plaintiff could not produce evidence of an essential element of her claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992).

Insofar as plaintiff claims an easement by prescription she must prove by the greater weight of the evidence that: (1) the use is adverse, hostile or under claim of right; (2) the use has been open and notorious such that the true owner had notice of the claim; (3) the use has been continuous and uninterrupted for a period of at least twenty years; and (4) there is substantial identity of easement claimed throughout the twenty year period. *Potts v. Burnette*, 301 N.C. 663, 273 S.E.2d 285 (1981); *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974); *Johnson v. Stanley*, 96 N.C.App. 72, 384 S.E.2d 577 (1989). In opposition to defendants' motion for summary judgment, plaintiff's evidence included her affidavit and the affidavits of Larson Mitchell, Robert Solomon, and Joseph E. Franklin, a registered surveyor. Having determined that plaintiff's affidavit does not contradict her deposition testimony and was properly admitted, we find the evidence presented creates an issue of fact as to whether plaintiff's use of the roadway was adverse, hostile or under claim of right. The trial court correctly denied defendants' motion for summary judgment.

[2] Defendants next assign error to the trial court's failure to grant their motion for a directed verdict. They argue that plaintiff failed to establish a *prima facie* case of an easement by prescription because her own testimony indicated her use of the land was neither hostile nor adverse for the requisite period of time, and therefore a directed verdict was appropriate. *Hong v. George Goodyear Co.*, 63 N.C.App. 741, 306 S.E.2d 157 (1983). In answer to defendants' questioning, plaintiff testified at trial:

Q. You never told the Goldens that you were making any type of claim of right to the use of that roadway prior to filing this lawsuit, did you?

A. That's the only way I have to get to my house.

        THE COURT: Ma'am, answer his question; you may explain if you need to.

        . . . .

Q. Did you ever go to the Goldens and make an offer to purchase an easement or right to go across their property?

A. No.

Q. Did you ever put up any sign on the Golden road indicating any claim of right to that roadway?

A. No.

Q. Would it be true to say that you never did anything to put the Goldens on notice that you were asserting a claim of right into that roadway, did you?

A. No.

Defendants allege this testimony constitutes an admission that plaintiff never put defendants on notice that she was asserting a claim of right, which is dispositive of the issue of hostile use. They also contend that plaintiff's evidence only showed that she put gravel on the roadway on two occasions, in 1951 or 1956 and in 1987, and which fails to establish twenty years of continuous adverse use, since prior to 1958 the land upon which plaintiff seeks to claim an easement by prescription was owned by Lillie Mitchell and there is no evidence to support a theory of tacking. Defendants submit that any graveling done prior to 1958 is thereby inconsequential.

We note that "[t]he law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears." *Dickinson v. Pake* at 580, 201 S.E.2d at 900. (Citations omitted.) *See also Potts v. Burnette, supra; Delk v. Hill*, 89 N.C.App. 83, 365 S.E.2d 218, *disc. review denied*, 322 N.C. 605, 370 S.E.2d 244 (1988). Therefore, in order to establish an easement by prescription, "[t]here must be some evidence accompanying the user which tends to show that the use is hostile in

character and tends to repel the inference that it is permissive and with the owner's consent." *Dickinson v. Pake* at 581, 201 S.E.2d at 900. However, the rule in this regard, which was originally stated in *Dulin v. Faires*, 266 N.C. 257, 260-261, 145 S.E.2d 873, 875 (1966), and quoted with approval in *Dickinson v. Pake*, prescribes that:

> To establish that the use is "hostile" rather than permissive, "it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate." [Citation omitted.] A "hostile" use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right.

*See also Concerned Citizens v. State ex rel. Rhodes*, 329 N.C. 37, 404 S.E.2d 677 (1991).

Our Supreme Court has held the evidence was sufficient to show that the use was not permissive, and to overcome a motion for a directed verdict, where the evidence established that plaintiffs did the slight maintenance required to keep the road passable; plaintiffs used the road for over twenty years as if they had a right to it; and permission to use the road had neither been given nor sought. *Dickinson v. Pake, supra; Potts v. Burnette, supra*. This Court has opined that a genuine issue of material fact exists as to whether the use was sufficiently adverse, hostile, or under claim of right where plaintiff's evidence indicates that "plaintiff and his predecessors have maintained and repaired the old road and the new road at great expense." *Delk v. Hill* at 87, 365 S.E.2d at 220. *See also Oshita v. Hill*, 65 N.C.App. 326, 308 S.E.2d 923 (1983).

In the instant case plaintiff testified that in 1951 she moved into a log house on her property which had previously been occupied by her husband's grandfather, Henry Mitchell. Subsequently, the log house burned and her current residence was built. She stated the roadway has been used to reach her home and property since 1951 and that her husband, along with her sons and brother-in-law, repaired and maintained the road to keep it passable over the years. Plaintiff also testified she never had any discussion with defendants concerning the roadway and that she never asked defendants for permission to use the roadway because she had a right to use it.

Thelma Mitchell, Worth Mitchell, and Latisha Mitchell all testified to their use of the road over the years and corroborated plaintiff's testimony concerning repairs and maintenance to the roadway. None of these witnesses testified that they ever asked defendants' permission either to use the road or to maintain it.

When ruling on a motion for a directed verdict, the trial court must consider the evidence in the light most favorable to the non-movant. *Air Traffic Conference of America v. Marina Travel, Inc.*, 69 N.C.App. 179, 316 S.E.2d 642 (1984). Pursuant to this standard, the foregoing testimony indicates that plaintiff kept the road passable by repairing and maintaining it; plaintiff used the road continuously for more than twenty years; and permission to use the road had neither been sought nor given. This evidence is sufficient to show that the use was adverse, hostile, or under claim of right. *See Dickinson v. Pake, supra; Potts v. Burnette, supra.* There was also evidence that: the use had been open and notorious such that the true owner had notice of the claim; the use had been continuous and uninterrupted for a period of at least twenty years; and there was substantial identity of easement claimed throughout the twenty year period. We conclude that the evidence, when viewed in a light most favorable to plaintiff, is sufficient to withstand defendants' motion for a directed verdict. Defendants did not object to the court's instructions to the jury. Obviously the jury was persuaded that the long and continuous use of this road, under such circumstances as would give notice that the use was being made under a claim of right, was such as to entitle plaintiff to a prescriptive easement so that there could be continued use of this roadway by plaintiff. Therefore, the trial court did not err in denying defendants' motion for a directed verdict.

No error.

Judge LEWIS concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent because in my opinion the trial court erred in not granting the defendant's motion for a directed verdict. The evidence viewed in the light most favorable to the nonmoving party, the plaintiff in the case at bar, does not support a finding

MITCHELL v. GOLDEN

[107 N.C. App. 413 (1992)]

that the use of the roadway in question was hostile, adverse or under a claim of right. *Air Traffic Conference of Am. v. Marina Travel, Inc.*, 69 N.C. App. 179, 316 S.E.2d 642 (1984) (stating the standard for granting a directed verdict). Absent such a finding, the plaintiff failed to make out a *prima facie* case for a prescriptive easement.

As the majority notes, "[t]he law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears." *Dickinson v. Pake*, 284 N.C. 576, 580, 201 S.E.2d 897, 900 (1974). In order to rebut the presumption of permissive use, evidence must be presented that establishes a hostile use. *Id.* at 581, 201 S.E.2d at 900. Following this same reasoning, evidence of an express grant of permission should act to render such permission irrebuttable.

In the case at bar, permission to use the right of way in question was granted expressly by the grandfather of defendant Oberia Beck Golden and great-grandfather of defendant Jackie Golden to the family of the plaintiff, Constance Mitchell, in 1918. An express grant of permission never passed directly from the defendants to the plaintiff, but it is illogical to conclude that renewed grants of permission are necessary where the land has passed, as it has done here, from generation to generation within the same families. The fact that the title to each tract of land involved has changed hands within the respective families should not act to withdraw permission to use the roadway and make ʾsubsequent use adverse, hostile or under a claim of right.

Even if the 1918 grant of permission did not extend to the plaintiff, the evidence does not support a hostile use of the roadway. In order for a use to be considered hostile, "[t]here must be some evidence accompanying the user which tends to show that the use is hostile in character and tends to repel the inference that it is permissive and with the owner's consent." *Id.* No such evidence has been offered by the plaintiff. Constance Mitchell admits that she neither sought permission to use the roadway nor did the defendants object to her use. This "is tantamount to an assertion that [she] used the roadway in silence. 'Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use.' The mere use of a way over another's land cannot ripen into an easement by prescription no matter how long it may be continued." *Godfrey v. Van Harris Realty, Inc.*,

72 N.C. App. 466, 469-70, 325 S.E.2d 27, 29 (1985) (quoting *Henry v. Farlow*, 238 N.C. 542, 544, 78 S.E.2d 244, 246 (1953)).

The majority applies the plaintiff's maintenance of the roadway to elevate her position from that of a mere user to that of an owner of an easement by prescription. The plaintiff's testimony, however, shows that such maintenance consisted of putting gravel on the roadway on three separate occasions: 1951, 1956, and 1986. The plaintiff did not own the land to which the roadway leads until 1958 and the graveling done in 1951 and 1956 was done on behalf of her mother-in-law, Lillie Mitchell, who made no adverse claim of right to the roadway. The one isolated incident of graveling in 1986 is not sufficient to establish the continuous adverse use necessary for an easement by prescription. *See Orange Grocery Co. v. CPHC Investors*, 63 N.C. App. 136, 304 S.E.2d 259 (1983) (defining a hostile use as "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right"). Moreover, the testimony of members of the plaintiff's family regarding repair work done by them on the roadway does not rebut the presumption of permissive use. It appears that the family dug trenches along the edges of the roadway and placed leaves, sawdust, or gravel over the roadway so that their automobiles would not become stuck. This slight maintenance is consistent with a permissive use of the roadway under the present circumstances. The plaintiff's family did not maintain the roadway exclusively, and, in fact, the main graveling of the roadway was done by the State of North Carolina.

The majority relies on the *Dickinson* and *Potts v. Burnett*, 301 N.C. 663, 273 S.E.2d 285 (1981), cases to find that the aforementioned maintenance by the plaintiff's family members constitutes use that is hostile, adverse or under a claim of right. In both *Dickinson* and *Potts*, as in the case at bar, the plaintiffs neither asked for permission to use the roadway nor were they told they could not. The plaintiffs in *Dickinson*, however, believed they owned the roadway and began using it before the defendant acquired title to the servient estate. 284 N.C. at 584, 201 S.E.2d at 902. The *Potts* Court relied on *Dickinson* to find a prescriptive easement, noting that "[a]lthough there was no evidence that plaintiffs thought they owned the road, there was abundant evidence that plaintiffs considered their use of the road to be a *right* and not a privilege." 301 N.C. at 668, 273 S.E.2d at 289 (emphasis in original). Despite the assertion by the plaintiff that she had

a right to use the roadway, the relationship of the parties in the case at bar allows for no error of ownership, nor is there an abundance of evidence to support a finding that the plaintiff considered her use of the road to be a right beyond that quasi-right associated with permissive use.

For the foregoing reasons, I respectfully dissent.