DORIS MOON v. CENTRAL BUILDERS, INC., J. J. WILLIAMS, AND CHARLES GORDON

No. 8220SC1060

(Filed 3 January 1984)

1. Trial § 3.2— illness of witness—denial of continuance

The trial court did not abuse its discretion in the denial of the corporate defendant's motion for a continuance because of the illness of a key witness where the case had been continued several times before because of the witness's ill health; some six months earlier the court had advised defense counsel by letter that the case would not be continued again and suggested that the witness's deposition be taken as a precautionary measure; and this was done and excerpts from the deposition were read into evidence at the trial.

2. Frauds, Statute of § 6.1— inapplicability of license to use road and to other claims

The Statute of Frauds, G.S. 22-2, applies only to contracts to sell or convey an interest in land and does not apply to an agreement giving defendant a license to use a road upon plaintiff's land. Nor does the Statute of Frauds apply to quantum meruit, trespass or unlawful timber cutting claims.

3. Evidence § 45— plaintiff's opinion as to fair market value of property

The trial court properly admitted plaintiff's opinion as to the fair market value of her property even though no attempt was made to qualify plaintiff as an expert in the field of real estate values.

Moon v. Central Builders, Inc.

APPEAL by defendant Central Builders, Inc. from *Hairston, Judge.* Judgment entered 19 May 1982 in Superior Court, MOORE County. Heard in the Court of Appeals 29 August 1983.

Plaintiff owns a 112-acre tract of land on Bethesda Road in Moore County. In the spring of 1978 the county had a sewer building project underway in that vicinity, incident to which it had two easements across part of plaintiff's property — a thirty-foot permanent easement for the sewer and a fifty-foot easement for its construction. A woods road ran across the property from Bethesda Road to a small pond and clearing where plaintiff's son planned to build a home. The defendant company obtained the sewer construction contract and through its agents, the individual defendants, approached plaintiff about using the woods road in doing their work. After it was represented to her that the company would improve the road and her property would not be damaged during construction, plaintiff gave defendants oral permission to use the road, and for several months thereafter they used the road.

Without obtaining permission from plaintiff, defendant company extended the road from the pond to the easement, a distance of two hundred feet, which was accomplished by cutting a path twenty to twenty-five feet wide through previously uncut woods. It also damaged and cut down many other trees in several different places on plaintiff's property, including along the original woods road, in an area near the sewer and construction easement where many large concrete manholes to be used later in the project were stored, and between the construction right of way and the pond. Plaintiff knew nothing about any of these things until she visited the construction site in September of 1978 and saw the cleared spaces and piles of dead trees, branches, and other debris. Immediately thereafter, she notified defendants that unless they assured her that no further damage would be done to her property and steps were taken to correct the damage that was correctable and to compensate her for damage that could not be undone, they would not be allowed to continue using the road. After several weeks of unproductive discussion and correspondence between the parties, plaintiff directed defendants not to use any of her property except that which was within the construction easement, and had chains put across the woods road at different places.

Sometime later the concrete manholes were removed from plaintiff's property and placed on the sewer easement, but the defendants failed to improve the woods road, repair any of the damage, or compensate plaintiff.

Plaintiff then sued defendants, alleging trespass, breach of express contract and implied contract, based on the unauthorized use of her land by defendants for their own benefit and profit. The parties waived trial by jury, and after hearing the evidence of the parties, the trial judge rendered verdict and judgment for the plaintiff against the corporate defendant in the amount of $4,961.00. The individual defendants were acquitted of liability and are not involved in this appeal.

*Van Camp, Gill & Crumpler, by Douglas R. Gill and Sally H. Scherer, for plaintiff appellee.*

*Knox and Kornegay, by Robert D. Kornegay, Jr., for defendant appellant.*

PHILLIPS, Judge.

Though the defendant's eleven assignments of error run the gamut from the court refusing to continue the trial to the entry of judgment, none have merit and only four of them require discussion.

[1]  Continuances are not favored by the law; they may be granted only for good cause shown and motions therefor are addressed to the sound discretion of the trial judge. Rule 40(b), N.C. Rules of Civil Procedure; *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976). That defendant Williams, a key witness for the corporate defendant, was too ill to attend the trial is apparent from the record; and ordinarily that might have required the court to continue the case as requested. But the case, then more than three years old, had been continued several times before because of Williams' ill health, and about six months earlier the court had advised defendants' counsel by letter that the case would not be continued again and suggested that defendant Williams' deposition be taken as a precautionary measure. This was done and excerpts from the deposition were read into evidence at the trial. Under these circumstances we cannot say that the court's refusal to again continue the case exceeded the bounds of judicial discretion.

[2]   Nor was plaintiff's claim barred by the Statute of Frauds, as defendant contends, because the agreement permitting defendants to use plaintiff's land was not reduced to writing. The Statute of Frauds, G.S. 22-2, applies only to contracts to sell or convey an *interest* in land. Plaintiff's claim is not that she had sold an interest in her land to defendants, but that she had given them a *license* to use her road. A license to use land is not an interest in land. *Sanders v. Wilkerson*, 285 N.C. 215, 204 S.E. 2d 17 (1974). Thus, the Statute of Frauds has no application. Furthermore, no damages were awarded for breach of the alleged licensing agreement. Plaintiff's damages were awarded in quantum meruit, trespass, and for unlawfully cutting timber under G.S. 1-539.1. A quantum meruit claim, which is implied by law rather than agreed to by the parties, is not within the Statute of Frauds, *Hicks v. Hicks*, 13 N.C. App. 347, 185 S.E. 2d 430 (1971); nor, for that matter, are trespass or unlawful timber cutting claims.

[3]   Nor was it error for the court to receive plaintiff's opinion as to the fair market value of her property, even though no attempt was made to qualify her as an expert in the field of real estate values. It has long been the law in this state that property owners may testify as to the fair market value of their property without being qualified as expert witnesses. *North Carolina State Highway Commission v. Helderman*, 285 N.C. 645, 207 S.E. 2d 720 (1974).

Finally, the evidence presented does support the court's findings, which in turn support the conclusions of law and judgment.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.