ROBERT L. VINCENT v. CSX TRANSPORTATION, INC.

No. COA00-965

(Filed 21 August 2001)

**Employer and Employee— railroad worker—delayed investigation of breathing difficulties**

The trial court did not err in an asbestos action by a railroad worker by granting summary judgment for defendant-railroad based on the three-year FELA statute of limitations where plaintiff experienced breathing difficulties in 1984 which he believed to be related to dusty working conditions, never informed his physicians of his exposure, did not seek any other medical treatment or diagnosis until after consulting an attorney in 1998, and

filed this action in 1999. Plaintiff did not fulfill his affirmative duty to investigate suspected causes of his breathing difficulties.

Appeal by plaintiff from judgment entered 15 May 2000 by Judge W. Russell Duke, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 23 May 2001.

*Bondurant & Appleton, P.C., by Randall E. Appleton, for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by Timothy Wood Wilson and Randall Ray Adams, for defendant-appellee.*

WALKER, Judge.

From March 1970 until November 1986, Robert L. Vincent (plaintiff) worked for CSX Transportation, Inc. (defendant). Plaintiff's job required him to inspect, repair, and maintain the rails, crossties, and roadbeds upon which trains operate. His duties exposed him to varying levels of dust and he was hospitalized in 1984 for difficulty of breathing. Plaintiff's physicians advised him that cigarette smoking was contributing to his breathing difficulties. Plaintiff did not make inquiry of his physicians as to the causes of his breathing problems because he knew "back then" that the dust in his workplace was the cause. At that time, he chose not to file a claim against defendant for the breathing problems.

In 1998, plaintiff learned that some of his co-workers had been diagnosed with work-related asbestosis. He contacted an attorney who advised him to undergo a pulmonary evaluation. After this evaluation, plaintiff was diagnosed on 18 November 1998 with asbestosis which was attributed to his exposure to asbestos dust while working for defendant.

On 25 January 1999, plaintiff filed this negligence action against defendant, seeking damages pursuant to the Federal Employers' Liability Act (FELA) of 1908, 45 U.S.C. § 51 (1994) *et seq.*, for "occupational pneumoconiosis including but not limited to asbestosis." Plaintiff alleged he contracted this condition as a result of his employment with defendant. Defendant filed a motion for summary judgment which was granted on 15 May 2000. The trial court concluded there was no genuine issue of material fact since the three-year statute of limitations had expired before plaintiff filed this cause of action. From this order, plaintiff appeals.

In his sole assignment of error, plaintiff contends the trial court erred in finding his cause of action was barred by the statute of limitations. In support of his argument, plaintiff asserts he presented sufficient evidence to establish he neither knew, nor should have known, that he suffered from asbestosis due to dust exposure during his employment with defendant prior to 18 November 1998.

At the outset, we note the test for summary judgment is whether on the basis of the materials presented to the trial court "there exists any genuine issue of material fact." *Lowe v. Murchison*, 44 N.C. App. 488, 490, 261 S.E.2d 255, 256 (1979), *citing* N.C.R. Civ. P. 56(c). In other words, "[s]ummary judgment is proper when it appears that even if the facts as claimed by plaintiff are taken as true, there can be no recovery." *Lowder v. Lowder*, 68 N.C. App. 505, 506, 315 S.E.2d 520, 521, *disc. review denied*, 311 N.C. 759, 321 S.E.2d 138 (1984) (citation omitted). A trial court must construe the record in a light most favorable to a party opposing a motion for summary judgment. *Peterson v. Winn Dixie*, 14 N.C. App. 29, 187 S.E.2d 487 (1972).

FELA governs those actions brought by railroad workers who claim injuries as a result of their employer's negligence. *See* 45 U.S.C. § 56 (1994). The United States Supreme Court and the federal courts, who have interpreted FELA, apply the principles of common law negligence in these cases. *Urie v. Thompson*, 337 U.S. 163, 93 L. Ed. 1282 (1949). In *Urie*, the Supreme Court stated: "We recognize . . . that [FELA] is founded on common-law concepts of negligence and injury, subject to such qualifications as Congress has imported into those terms." *Id.* at 182, 93 L. Ed. at 1299. This application of common law negligence by the federal courts supersedes state law and binds the state courts in their interpretation of FELA. *Cole v. R.R.*, 199 N.C. 389, 154 S.E. 682 (1930), *citing Toledo R.R. Co. v. Allen*, 276 U.S. 165, 72 L. Ed. 513 (1928).

FELA provides in part that "[n]o action shall be maintained under this [Act] unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. Further, the burden is on the claimant to allege and prove he commenced his cause of action within this statute of limitations as a condition precedent to recovery. *See Carpenter v. Erie R. Co.*, 132 F.2d 362, 362-63 (3d Cir. 1942); *Bealer v. Missouri Pacific R.R. Co.*, 951 F.2d 38, 39 (5th Cir. 1991).

The purpose of the statute of limitations ". . . is to require the reasonably diligent presentation of tort claims against the [alleged tort-

**VINCENT v. CSX TRANSP., INC.**

[145 N.C. App. 700 (2001)]

feasor]. *United States v. Kubrick*, 444 U.S. 111, 123, 62 L. Ed. 2d 259, 270 (1979). Thus, when a plaintiff is unaware of when the injury actually occurs, the "discovery rule" is applied. *See Tolston v. National R.R. Passenger Corp.*, 102 F.3d 863, 865 (7th Cir. 1996); *Albert v. Maine Cent. R. Co.*, 905 F.2d 541, 543 (1st Cir. 1990); *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990); *Townley v. Norfolk & Western Ry. Co.*, 337 F.2d 498, 501 (4th Cir. 1989); *DuBose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1029-1030 (5th Cir.), *cert. denied*, 469 U.S. 854, 83 L. Ed. 2d 113 (1984); *Kichline v. Consolidated Rail. Corp.*, 800 F.2d 356, 358 (3rd Cir. 1986); *Young v. Clinchfield Railroad Company*, 288 F.2d 499 (4th Cir. 1961). Under this rule, borrowed from the reasoning of our United States Supreme Court in *Urie*, an action accrues when the plaintiff becomes, or should become aware of his injury. *Id.; Urie* at 170, 93 L. Ed. at 1282-93. Likewise, a claim under the Federal Torts Claim Act accrues when the employee knows, or should know, of both his disease and its cause. *Kubrick* at 123, 62 L. Ed. 2d at 270. This rule has been extended to FELA cases. *See Townley* at 501; *Kichline* at 356.

In *Kubrick*, the claimant brought an action under the Federal Tort Claims Act to recover for a hearing loss allegedly caused by negligent treatment received in a veterans' administration (VA) hospital. *Kubrick* at 115, 62 L. Ed. 2d at 265. Although his private physician had indicated to him in 1969 that his treatment administered by the VA hospital had likely caused his hearing loss, Kubrick did not file his action until 1972 after another physician had advised him that the VA hospital treatment had caused his injury. *Id.* at 114-15, 62 L. Ed. 2d at 264-65. The Supreme Court held that the statute of limitations began to run in 1969 when the plaintiff knew of his hearing loss and its cause, not in 1971 when another physician confirmed that his hearing loss resulted from his treatment at the VA hospital. *Id.* at 122-23, 62 L. Ed. 2d at 269-70. The Court further stated:

> We . . . cannot hold that Congress intended that 'accrual' of a claim must wait awareness by the plaintiff that his injury was negligently inflicted. A plaintiff . . ., armed with facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute[.]

*Id.* at 123, 62 L. Ed. 2d at 270.

The *Kubrick* Court emphasized a claimant's affirmative duty to investigate his injury with reasonable diligence. *Id.; see also Albert* at 544 (holding once the plaintiff, who had filed a FELA claim, concluded that he was injured and believed the injury was caused by his employment, "he had a duty to investigate the situation in order to confirm or deny his belief."); *Fries* at 1095 (holding an injured plaintiff filing a FELA claim has "an affirmative duty to investigate the potential cause of his injury").

In the instant case, plaintiff argues that his claim did not accrue until 1998 when he was formally diagnosed with asbestosis. Defendant counters that courts, consistent with the affirmative duty rule, have uniformly rejected the formal diagnosis rule that accrual does not begin until medical conditions are formally diagnosed. *See, e.g., Townley* at 498; *Crisman v. Odeco, Inc.*, 932 F.2d 413 (5th Cir. 1991).

In *Townley*, the plaintiff filed a claim under FELA for pneumoconiosis allegedly resulting from his work as defendant's yard brakeman. *Townley* at 499. Plaintiff claimed he was unaware of his injury until his condition was diagnosed; however, his testimony revealed he had corresponded with his employer about obtaining black lung benefits in 1980. *Id.* at 499-500. The federal Fourth Circuit Court of Appeals held that even if the defendant did not truly believe he had black lung in 1980, "it is obvious . . . that he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad." *Id.* at 501. The Court explicitly rejected plaintiff's contention that the formal diagnosis rule should always apply by stating that the statute begins to run when a person's condition is diagnosed, unless the plaintiff shows he should have known earlier of his injury. *Id.*

Here, plaintiff admitted in his deposition that his breathing difficulties caused him to seek medical treatment in November of 1984. He attributed his breathing difficulties to the dust in his work environment. Plaintiff's association between his breathing difficulties and his workplace is evident from his deposition testimony as follows:

Q Sir, when you were in the hospital in November of 1984 because of your breathing difficulty and pain when you were breathing, shortness of breath, did you ask the doctors then what was causing your breathing difficulties?

A . . . no.

VINCENT v. CSX TRANSP., INC.

[145 N.C. App. 700 (2001)]

Q  You don't recall asking any of the doctors then why you were having the chest pain when you were breathing, shortness of breath and increasing shortness of breath when you exerted yourself back there in November of '84?

A  I know what part of that was. It come [sic] from that dust.

Q  You knew it back then?

A  Yes, I knew it.

Q  That part of your breathing difficulty was from dust that—the various dust conditions you [had] been around at the Railroad?

A  Yes, I coughed dust up from when I worked that week to the day I go [sic] back to work. My wife can testify to that. Every time I coughed, dust come [sic] up in cold.

Q  And you believe that [at] that time, in November of 1984, that being around various dusty conditions over the course of Railroad employment had harmed your breathing?

A  Yes, I know it did.

When plaintiff experienced his breathing difficulties in 1984, he had been employed by defendant for fourteen years. Even though he had been exposed to dust during these years, plaintiff never informed physicians of his dust exposure or of his own belief that the dusty conditions caused or contributed to his breathing difficulties. He admitted in his deposition that he never asked his physicians in 1984 whether the dust in the workplace was the cause of, or contributed to, his breathing difficulties. Further, even though he did not work for defendant after 1986, plaintiff did not seek any other medical treatment or diagnosis until after he consulted an attorney in 1998. Thus, plaintiff did not fulfill his affirmative duty to investigate suspected causes of his breathing difficulties as required by *Kubrick*.

Therefore, under the cases cited herein, once plaintiff's breathing difficulties manifested themselves and plaintiff attributed these breathing difficulties to the dust in his workplace, he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad. Because he failed to file his action within the requisite time period, summary judgment in favor of defendant was proper. As no genuine issue of fact existed, the judgment of the trial court is

Affirmed.

Judges McCULLOUGH and THOMAS concur.