GORDON E. PINCZKOWSKI, Plaintiff v. NORFOLK SOUTHERN RAILWAY COMPANY, SUCCESSOR IN INTEREST TO SOUTHERN RAILWAY COMPANY, A VIRGINIA CORPORATION, Defendant

No. COA01-1445

(Filed 15 October 2002)

**Employer and Employee; Statutes of Limitations and Repose— Federal Employers' Liability Act—occupational pneumoconiosis**

The trial court did not err by granting summary judgment in favor of defendant company based on the expiration of the pertinent three-year statute of limitations in an action under the Federal Employers' Liability Act (FELA) of 45 U.S.C. § 51 alleging plaintiff employee contracted occupational pneumoconiosis as a result of defendant's alleged negligence and statutory violations, because: (1) plaintiff had sufficient information to know that he may have suffered a workplace injury and plaintiff had a duty to investigate whether he had suffered such an injury; (2) during the several years between 1993 and 1999 that plaintiff suffered from stomach and breathing problems which he believed were caused by asbestos exposure at the workplace, plaintiff sought medical

PINCZKOWSKI v. NORFOLK S. RY. CO.

[153 N.C. App. 435 (2002)]

treatment only once, plaintiff did not believe he had been properly treated for his stomach problems, and yet plaintiff failed to seek further assistance until approximately five years later upon the advice of an attorney; (3) plaintiff never sought any medical treatment for his breathing ailments that began around 1994 prior to 1999, and plaintiff failed to investigate whether his breathing ailments were related to asbestos exposure; (4) plaintiff is not allowed to create issues of fact by a last-minute filing of an affidavit which is contradictory to his deposition testimony as a whole; and (5) plaintiff testified that when he began experiencing shortness of breath, he attributed the symptom to asbestos exposure at the workplace.

Appeal by plaintiff from order entered 10 September 2001 by Judge Dennis J. Winner in Buncombe County Superior Court. Heard in the Court of Appeals 9 September 2002.

*Bondurant & Appleton, P.C., by Randall E. Appleton; Long, Parker, Warren & Jones, P.A., by William A. Parker, for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Reid L. Phillips and Clinton R. Pinyan, for defendant-appellee.*

MARTIN, Judge.

Gordon E. Pinczkowski ("plaintiff") appeals the trial court's order granting summary judgment in favor of Norfolk Southern Railway Company ("defendant"). For reasons discussed herein, we affirm.

Plaintiff was employed by defendant from 1973 until 1994. Plaintiff testified he was exposed to asbestos dust throughout his employment with defendant, and that beginning in the 1980's, he began to be concerned that the exposure was posing a hazard to his health. Plaintiff testified he began experiencing stomach problems sometime in 1993 or 1994. He further testified he began experiencing breathing difficulties sometime prior to 1994. Plaintiff believed at the time he began experiencing both stomach and breathing problems that they were the result of asbestos exposure at work.

In 1994, plaintiff sought treatment from a Dr. Grier for his stomach problems. The evidence does not show that Dr. Grier made any diagnosis, but at Dr. Grier's direction, plaintiff underwent a proce-

dure to stretch his esophagus. Plaintiff testified the procedure relieved some of his symptoms for about one month, but after that, he continued to experience the same stomach problems. Plaintiff testified he did not think Dr. Grier "had the solution" and plaintiff continued to worry that he was being injuriously exposed to asbestos.

In 1999, a former co-worker recommended an attorney to plaintiff for the purpose of seeking compensation from defendant. Plaintiff did seek that counsel, and the attorney recommended that plaintiff be evaluated by Dr. Stephen Proctor. Dr. Proctor examined plaintiff in late 1999 and diagnosed him with asbestosis. Plaintiff's 1999 visit to Dr. Proctor was the first time he had sought treatment for his breathing difficulties and the first time he had sought treatment for his stomach ailments since being unsuccessfully treated by Dr. Grier in 1994.

On 8 March 2000, plaintiff filed a complaint under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, alleging he contracted occupational pneumoconiosis, including asbestosis and silicosis, as a result of defendant's negligence and statutory violations. Defendant moved for summary judgment on grounds that FELA's three-year statute of limitations on plaintiff's claims had already run. The trial court granted the motion and dismissed the complaint on 10 September 2001. Plaintiff appeals.

---

Plaintiff argues on appeal that the trial court erred in granting defendant's motion for summary judgment based on FELA's three-year statute of limitations because genuine issues of fact existed as to whether and when plaintiff knew or reasonably should have known that he had suffered an occupational injury, and whether he acted with reasonable diligence in investigating the source of his injuries. " '[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.' " *Willis v. Town of Beaufort*, 143 N.C. App. 106, 108, 544 S.E.2d 600, 603 (citation omitted), *disc. review denied*, 354 N.C. 371, 555 S.E.2d 280 (2001).

In granting defendant's motion in open court, the trial court observed that plaintiff's case was not sufficiently distinguishable from this Court's decision in *Vincent v. CSX Transp., Inc.*, 145 N.C. App. 700, 552 S.E.2d 643, *disc. review denied*, 354 N.C. 371, 557 S.E.2d 537 (2001), and therefore, the complaint should be dismissed.

The plaintiff in *Vincent* worked for the defendant railroad from 1970 until 1986, during which time he was exposed to various levels of dust. *Id.* at 701, 552 S.E.2d at 644. The plaintiff was hospitalized in 1984 for breathing difficulties, and was advised by his doctors that cigarette smoking was contributing to his ailments. *Id.* However, the plaintiff did not ask his doctors the cause of his breathing difficulties because he already believed that the dust at his workplace was the cause. *Id.* The plaintiff contacted an attorney in 1998, who advised him that he should undergo a pulmonary evaluation. *Id.* at 701, 552 S.E.2d at 645. The evaluation revealed that the plaintiff had asbestosis attributable to exposure to asbestos dust in the workplace. *Id.* The plaintiff filed a complaint under FELA in January 1999, and the defendant moved for summary judgment. *Id.* The trial court granted the motion, finding that FELA's three-year statute of limitations had already expired. *Id.*

This Court reviewed federal law interpreting FELA and its statute of limitation, noting that an action under FELA accrues for purposes of the commencement of the three-year limitation when the plaintiff becomes or should become aware of his injury. *Id.* at 703, 552 S.E.2d at 646. The Court also observed that federal law holds that a plaintiff has an "affirmative duty to investigate his injury with reasonable diligence." *Id.* at 704, 552 S.E.2d at 646 (citing *United States v. Kubrick*, 444 U.S. 111, 62 L. Ed. 2d 259 (1979)). Thus, once a plaintiff concludes he has an injury and believes the injury may have been caused by his employment, he is under an affirmative duty to investigate the potential cause of the injury. *Id.*

Applying these principles, the *Vincent* Court concluded the trial court properly dismissed the plaintiff's complaint as time-barred where the plaintiff admitted in his deposition that breathing difficulties caused him to seek medical treatment in 1984; where he believed at that time that his difficulties may have been caused by dust exposure at the workplace; where the plaintiff failed to discuss this belief with his doctors; and where the plaintiff did not seek any other medical treatment until 1998 when he saw a physician upon the advice of an attorney. *Id.* at 705, 552 S.E.2d at 647. The Court held the plaintiff had failed to fulfill his affirmative duty to investigate the cause of his breathing difficulties:

[O]nce plaintiff's breathing difficulties manifested themselves and plaintiff attributed these breathing difficulties to the dust in his workplace, he possessed sufficient information that he knew, or should have known, that he had been injured by his work with

the railroad. Because he failed to file his action within the requisite time period, summary judgment in favor of defendant was proper.

*Id.*

The evidence in the present case establishes that plaintiff suffered from breathing and stomach difficulties that had manifested themselves by 1993 or 1994, and that plaintiff had attributed those difficulties to asbestos exposure at his workplace. Thus, under *Vincent,* plaintiff had sufficient information to know he may have suffered a workplace injury. Plaintiff had a duty to investigate whether, in fact, he had suffered such an injury. However, the evidence fails to show a genuine issue of fact as to whether plaintiff fulfilled this duty.

The evidence is clear that plaintiff knew exposure to asbestos was dangerous beginning in the 1980's, before his breathing and stomach difficulties manifested themselves. During the 1980's, when plaintiff became concerned about exposure, he began to look around his workplace for signs of asbestos. Plaintiff expressed to co-workers in the early 1990's that he believed asbestos was "probably going to kill us all." Plaintiff began experiencing stomach problems around 1993-94, which problems he believed to be related to asbestos exposure at the workplace. Plaintiff also began experiencing breathing difficulties sometime prior to 1994, which difficulties he also attributed to asbestos exposure. In 1994, plaintiff sought medical assistance only for his stomach ailments from Dr. Grier. Dr. Grier performed a procedure on plaintiff wherein plaintiff's esophagus was stretched. Plaintiff testified the procedure only brought relief from his symptoms for about a month, and that afterwards, his symptoms returned. He did not believe Dr. Grier had properly treated him. Nevertheless, plaintiff did not seek further medical assistance for his stomach problems.

In short, during the several years between 1993 and 1999 that plaintiff suffered from stomach and breathing problems which he believed to have been caused by asbestos exposure at the workplace, plaintiff sought medical treatment only once; the treatment did not solve plaintiff's stomach problems; plaintiff did not believe he had been properly treated for his stomach problems; and yet plaintiff failed to seek further assistance until approximately five years later upon the advice of an attorney. Additionally, the evidence is uncontradicted that despite suffering from breathing difficulties beginning prior to 1994, and despite believing the difficulties were related to

asbestos exposure at the workplace, plaintiff never sought any medical treatment for his breathing ailments prior to 1999. Nor does the evidence show plaintiff took any other steps to investigate whether, in fact, his breathing ailments were related to asbestos exposure. Thus, there is no genuine issue of material fact as to whether plaintiff fulfilled his duty to investigate his injuries with reasonable diligence.

In arguing that a genuine issue of material fact existed as to his diligence in assessing any injury, plaintiff cites to an affidavit which he filed 27 August 2001, ten days after defendant moved for summary judgment, and three days prior to the motion's hearing. In that affidavit, plaintiff testified, for the first time, that Dr. Grier advised him in 1994 that his stomach problems were unrelated to asbestos exposure, and that because of this opinion, he "concluded that [he] had not suffered any injury related to occupational exposure to asbestos dust and [he] was no longer concerned about that issue." With respect to his breathing problems, plaintiff stated in his affidavit that his "shortness of breath was not severe enough or of enough concern to cause [him] to seek medical care until the problem became more persistent in 1999."

However, plaintiff's affidavit contradicts his deposition testimony, and we have held that a party opposing a motion for summary judgment cannot create a genuine issue of material fact by filing an affidavit contradicting his prior sworn testimony. See, e.g., Mitchell v. Golden, 107 N.C. App. 413, 420 S.E.2d 482 (1992), affirmed, 333 N.C. 570, 429 S.E.2d 348 (1993); Rollins v. Junior Miller Roofing Co., 55 N.C. App. 158, 284 S.E.2d 697 (1981).

At no point in his deposition did plaintiff claim that Dr. Grier had affirmatively stated his stomach ailments were not related to asbestos exposure and that he relied on such a statement to conclude he had not suffered any injury from asbestos exposure and was no longer concerned about that issue. Rather, plaintiff testified he did not believe Dr. Grier had properly treated him or "had the solution." Plaintiff testified he had been concerned about asbestos exposure in relation to long-term health issues since the 1980's, and that he continued to be concerned about it even as he testified at his deposition.

With respect to his breathing problems, plaintiff testified his health concerns began in the 1980's and included a concern that he would eventually be required "to walk around with a bottle of oxygen

on [his] back." In any event, regardless of whether plaintiff's breathing problems became more severe in 1999, the evidence affirmatively establishes that plaintiff did suffer from continuing breathing difficulties beginning prior to 1994, and that plaintiff believed at the time those difficulties began that they were the result of asbestos exposure. Thus, regardless of when the problems were most severe, plaintiff knew or should have known by 1994 that he was suffering from a potential workplace injury, and he therefore had a duty to investigate.

Plaintiff will not be allowed to create issues of fact by a last-minute filing of an affidavit which is contradictory to his deposition testimony as a whole. See Mitchell, 107 N.C. App. at 416, 420 S.E.2d at 484. Accordingly, we do not agree with plaintiff that this affidavit properly establishes genuine issues of material fact. This argument is overruled.

In a related argument, plaintiff maintains the trial court erred in determining that his shortness of breath was sufficient to charge him with knowledge of a potential occupational injury. The essence of plaintiff's argument is that shortness of breath is too general a symptom to give rise to knowledge of a potential injury or a duty to investigate. Plaintiff relies on Young v. Clinchfield R. Co., 288 F.2d 499 (4th Cir. 1961), in which the Fourth Circuit held that the law does not require a plaintiff to know he has suffered the workplace injury of silicosis on the mere fact that he experiences shortness of breath and comes "from a mining region where silicosis is fairly common." Id. at 503. However, that case involved the plaintiff's "[f]ailure to associate" his shortness of breath with a condition arising from workplace exposure. Id. The Young case did not address the duties of a plaintiff who suffers from shortness of breath, attributes that symptom to workplace exposure, but does not seek medical attention as a result of the symptom.

In the present case, plaintiff testified that when he began experiencing shortness of breath, he attributed the symptom to asbestos exposure at the workplace. Under Vincent, the onset of plaintiff's shortness of breath, coupled with his definite belief that the symptom was a result of workplace exposure, is sufficient information from which plaintiff knew or should have known that he may have sustained a workplace injury, thereby giving rise to a duty to determine whether this was the case.

In summary, we agree with the trial court that the instant case cannot be significantly distinguished from Vincent, and we conclude

there were no genuine issues of material fact. Plaintiff knew or should have known of his occupational injuries more than three years prior to plaintiff's 1999 diagnosis and March 2000 filing of this complaint. The evidence affirmatively establishes that plaintiff knew, or should have known, at the time his breathing and stomach ailments emerged prior to 1993 or 1994 that he may have suffered a workplace injury, and he was required by law to diligently investigate the truth of his belief that exposure to asbestos dust was causing his ailments. The evidence also establishes plaintiff did not fulfill such duty. Summary judgment in favor of defendant is affirmed.

Affirmed.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.